## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:23-cv-02769-SKC-MDB

J.R., a minor, by and through his mother and general guardian EDEN HOPE
RODRIGUEZ,

      Plaintiff,

v.

HARRISON SCHOOL DISTRICT TWO;
WENDY BIRHANZEL, Superintendent, Harrison School District Two, in her
official and personal capacities;
MIKE CLAUDIO, Assistant Superintendent of Personnel Support Services,
Harrison School District Two, in his official and personal capacities;
CHEYENNE MOUNTAIN CHARTER ACADEMY, d/b/a THE VANGUARD
SCHOOL;
RENEE HENSLEE, Executive Director, The Vanguard School, in her official and
personal capacities;
JEFF YOCUM, Director of Operations, The Vanguard School, in his official and
personal capacities; and
BETH DANJUMA, former Assistant Principal, The Vanguard School, in her
personal capacity;

      Defendants.

---

## OPPOSED JOINT DEFENDANTS' MOTION TO VACATE AND RESET THE
## PARTIES' DEADLINE TO SUBMIT PROPOSED SCHEDULING ORDER

---

      Defendants, Harrison School District Two, Wendy Birhanzel, and Mike

Claudio, (collectively referenced as the "School District Defendants") and Defendants

Cheyenne Mountain Charter Academy d/b/a The Vanguard School, Renee Henslee,

and Jeff Yocum (collectively referenced as the "Vanguard Defendants") and

Defendant Beth Danjuma, through undersigned counsel, hereby submit this Opposed

Motion to Vacate the Parties' Deadline to Submit Proposed Scheduling Order, and in support thereof state as follows:

## CERTIFICATE OF CONFERRAL AND USE OF ARTIFICIAL INTELLIGENCE (AI) FOR DRAFTING

Pursuant to SKC Civ. Practice Standard 7.1B(b), undersigned counsel certify that they conferred with Plaintiff's counsel by email on February 5, 2024.  Plaintiff opposes the relief sought in this motion.

Pursuant to SKC's Standing Order For Civil Cases, undersigned hereby certifies that no portion of this filing was drafted by AI.

## MOTION

1.      On October 31, 2023, the Court entered an order setting various initial case deadlines including but not limited to a January 3, 2024 deadline for the parties to submit a proposed scheduling order.  (ECF 10.)

2.      Due to the interim holidays and their need to investigate the claims and defenses, the School District Defendants, Vanguard Defendants, and Defendant Danjuma each sought and received an extension of time to file a responsive pleading up to and including January 8, 2024. (ECF 23; 27; 28; and 30.)

3.      Pursuant to Civ. Practice Standard 7.1B(b), on December 21, 2023, the School District Defendants conferred with Plaintiff on their anticipated Fed. R. Civ. P. 12(b) motion.  Plaintiff's counsel indicated that Plaintiff would not amend his complaint.

4.      On January 2, 2024, Plaintiff's counsel emailed defense counsel that

Plaintiff anticipated amending his complaint due to interim events and his conferral with the School District Defendants.

5.     On January 3, 2024, Defendants sought and received: (a) an extension of time to file their respective responsive pleading twenty-one days after Plaintiff filed his amended complaint and (2) an order extending the time to file the proposed scheduling order to February 9, 2024.  (ECF 39; 42.)

6.     On January 11, 2024, Plaintiff filed his first amended complaint, which made Defendants' deadline to file their responses January 25, 2024. (ECF 43.)

7.     On January 25th, Defendants moved to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). (ECF 51-53.) The five the individual defendants sought dismissal of all claims asserted against them based on qualified immunity. (*Id*.)

8.     On February 7, 2024, undersigned counsel conferred with Plaintiff regarding a motion to stay discovery of the case pending resolution of the individual defendants' assertion of qualified immunity. Plaintiff, by and through his counsel, stated he was opposed to the requested stay.

9.     Due to the pending motion to stay discovery, Defendants seek an order vacating and resetting the current deadline to submit the proposed scheduling order. Should the Court deny Defendants' motion to stay, Defendants request that the deadline to submit a proposed scheduling order be set fourteen (14) days thereafter. Should the Court grant the Defendants' motion to stay, Defendants seek an order

resetting the deadline to submit a proposed scheduling order to fourteen (14) days after the stay is lifted.

10.    For the purposes of judicial economy, Defendants respectfully submit that good cause exists for issuing this order because it would avoid: setting deadlines for discovery in this matter which may become moot due to Defendants' motion to stay discovery; unnecessary filing(s), including but not limited to motions seeking extensions of time or modification of the scheduling order; and holding a scheduling conference prior the resolution of the individuals' assertion of qualified immunity which may lead to dismissal of several defendant(s).

11.    No other deadlines will be affected by the relief sought herein.

12.    No party will be prejudiced by the extension requested herein.  Plaintiff alleges that his constitutional rights were violated when he was not allowed to display weapons patches and the Gadsden flag on his backpack while attending school. Plaintiff, however, has conceded that he has continued to display these patches on his backpack while attending school since September. (ECF 43 ¶¶ 143-44; ECF 26 ¶ 8.) Nor will the interests of justice be impeded by vacating and resetting the deadline to submit the proposed scheduling order.

13.    Pursuant to D.C.COLO.LCivR 6.1(b), this is Defendants' second request to modify the deadline to submit the proposed scheduling order.

14.    Pursuant to D.C.COLO.LCivR 6.1(c), a copy of this motion will be served contemporaneously upon Defendants' clients.

15.    WHEREFORE, the School District Defendants, Vanguard Defendants, and Defendant Beth Danjuma request that the Court to vacate the parties' February 9, 2024 deadline to submit the proposed scheduling order, and reset same to fourteen (14) days after the Court resolves Defendants' motion to stay discovery and/or lifts the stay, and for such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 7th day of February 2024.

*s/David M. Strachan*
Gwyneth Whalen
David M. Strachan
CAPLAN AND EARNEST LLC
3107 Iris Avenue, Suite 100
Boulder, Colorado 80301
303-443-8010
gwhalen@celaw.com
dstrachan@celaw.com
*Attorneys for School District Defendants*

*s/Scott A. Neckers*
Scott A. Neckers
Lindsey W. Jay
Caroline F. Bordelon
Steven Boatright
Overturf Mcgath & Hull, P.C.
625 East Sixteenth Avenue, Suite 100
Denver, Colorado 80203
(303)860-2848
san@omhlaw.com
lwj@omhlaw.com
cfb@omhlaw.com
swb@omhlaw.com
*Attorneys for the Vanguard Defendants*

*s/John F. Peters*
Peter C. Middleton
John F. Peters
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
303-628-3300
middletonp@hallevans.com
petersj@hallevans.com
*Attorneys for Defendant Beth Danjuma*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James Kerwin
William E. Trachman
Mountain States Legal Foundation
jkerwin@mslegal.org
wtrachman@mslegal.org
*Attorneys for Plaintiff*

John C. Eastman
Anthony T. Caso
Constitutional Counsel Group
jeastman@ccg1776.com
atcaso@ccg1776.com
*Attorneys for Plaintiff*

Alexander H. Haberbush
Lex Rex Institute
ahaberbush@lexrex.org
*Attorney for Plaintiff*

Lindsey W. Jay
Steven W. Boatright
Caroline F. Bordelon
Overturf McGath & Hull, P.C.
san@omhlaw.com
lwj@omhlaw.com
cfb@omhlaw.com
swb@omhlaw.com
*Attorneys for Vanguard Defendants*

Peter C. Middleton
John F. Peters
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
middletonp@hallevans.com
petersj@hallevans.com
*Attorneys for Beth Danjuma*

*s/Shelley McKinstry*
Shelley McKinstry, Paralegal