# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| EDEN HOPE RODRIGUEZ as mother and general guardian of minor child other J.R., <br><br> Plaintiff, <br><br> v. <br><br> HARRISON SCHOOL DISTRICT TWO, WENDY BIRHANZEL, Superintendent, Harrison School District Two, in her official and personal capacities; MIKE CLAUDIO, Assistant Superintendent of Personnel Support Services, Harrison School District Two, in his official and personal capacities; CHEYENNE MOUNTAIN CHARTER ACADEMY d/b/a THE VANGUARD SCHOOL; RENEE HENSLEE, Executive Director, The Vanguard School, in her official and personal capacities; JEFF YOCUM, Director of Operations, The Vanguard School, in his official and personal capacities; and BETH DANJUMA, Assistant Principal, The Vanguard School, in her official and personal capacities, <br><br> Defendants. | No.: 23-cv-02769-SKC-MDB <br><br><br> **MOTION OF JOHN C. EASTMAN FOR EXTENSION OF TIME TO FILE RESPONSE TO ORDER TO SHOW CAUSE (ECF No. 89)** |

### CERTIFICATION REGARDING THE USE OF ARTIFICIAL INTELLIGENCE (AI) FOR DRAFTING.

Undersigned hereby certifies that no portion of this filing was drafted by AI.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), plaintiff's counsel conferred with

counsel for defendants on the instant motion via exchange of emails. Defendants do not object to this motion.

## Motion

Pursuant to D.C. COLO.LCivR 6.1(b), John C. Eastman hereby moves to extend the time within which to file a response to the Order to Show Cause entered by this Court earlier this week from April 19, 2024 to June 10, 2024. In support of this motion Dr. Eastman states as follows:

1. On Monday, April 15, this Court entered an Order to Show Cause why Dr. Eastman should not be terminated from representation of the Plaintiff in this case. Dr. Eastman's response to the Order to Show Cause is currently due on April 19, 2024.

2. The Order to Show Cause is based on the State Bar of California's entry of an order transferring Dr. Eastman to involuntary inactive status.

3. The action of the State Bar of California is based on the recommendation of a State Bar Court judge and is not a final decision of the State of California. The final decision on discipline, if any, will be rendered by the California Supreme Court after further review by an intermediate appellate court (the California Bar Review Court) and then hearing of arguments and review the record by the California Supreme Court. The initial brief to the review court is not due until June 10, 2024.

4. Dr. Eastman's response to the Order to Show Cause before this Court is governed by the United States Supreme Court decision in *Selling v. Radford*, 243 U.S. 46 (1917). There the Court held that disbarments by star bars are not binding on federal courts. The Court held that a federal court can recognize the state bar order only after "consideration of the state record." Recognition of the state bar order must be withheld if the State process was wanting in due process, or that there was "an infirmity of proof of facts" such that the federal court cannot accept the State's conclusions, or that some other grave reason exists to reject the conclusions "under the principles of right and justice." *Id*. at 51. *Selling* is followed by the Tenth Circuit in determining whether reciprocal discipline should be imposed. *In re Jordan*, 2023 WL 4199495 (10th Cir. 2023).

5. In his appeal brief to the State Bar Review Court, which is due June 10, 2024, Dr. Eastman will detail how the State Bar trial judge erred by ruling that Dr. Eastman was subject to discipline for giving a speech (an exercise of First Amendment liberties), giving advice concerning interpretation of the United States Constitution, the legality of Dr. Eastman's legal advice to the former President of the United States related to matters that are now before the United States Supreme Court, and that the judge erred by refusing to hear testimony from a number of Dr. Eastman's expert and rebuttal witnesses concerning disputed issues of fact and law arising out of Dr. Eastman's legal advice concerning interpretation of the United States Constitution, as well as other objections to the decision.

6. The issues to be raised in Dr. Eastman's response to the Order to Show Cause involve complex constitutional questions of first impression and a voluminous record. Presenting those arguments under the framework of *Selling* could not be accomplished in the brief period of time granted by the Order to Show Cause.

7. No party would be prejudiced by the relief sought in this motion.

8. No party objects to this motion.

9. This is Dr. Eastman's first request for an extension of his time to respond to the Order to Show Cause.

10. A copy of this motion was provided to the plaintiff.

11. WHEREFORE, Dr. Eastman respectfully requests that this Court extend the time to respond to Order to Show Cause (ECF No. 89) to and including June 10, 2024, to allow him to present arguments under *Selling* why reciprocal discipline should not be based on the as yet nonfinal order of the California State Bar.

DATED this 18th day of April 2024.

Respectfully submitted,

*/s/ John C. Eastman*
Anthony T. Caso, CA Bar #088561
John C. Eastman, CA Bar #193726
CONSTITUTIONAL COUNSEL GROUP
1628 N Main St #289
Salinas, CA 93906
Tele: (909) 257-3869
Fax: (714) 844-4817
atcaso@ccg1776.com
jeastman@ccg1776.com

James Kerwin, CO Bar #57545
William E. Trachman, CO Bar #45684
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, Colorado 80227
Tele: (303) 292-2021
Fax: (877) 349-7074
jkerwin@mslegal.org
wtrachman@mslegal.org

*Attorneys for Plaintiff*
