IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-2769-SKC-MDB

J.R., a minor, by and through his mother and general guardian,

    Plaintiff,

v.

HARRISON SCHOOL DISTRICT TWO, *et al.*,

    Defendants.

---

**MOTION TO WITHDRAW AS COUNSEL OF RECORD**

---

**CERTIFICATION REGARDING THE USE OF ARTIFICIAL INTELLIGENCE (AI) FOR DRAFTING**

Undersigned counsel hereby certifies that no portion of this filing was drafted by AI.

**MOTION TO WITHRAW**

    John C. Eastman, counsel for Plaintiff J.R., a minor by and through his mother and general guardian, hereby respectfully moves to withdraw as counsel of record in this action.

    In support of this motion, Dr. Eastman states as follows:

1. On March 27, 2024, the Hearing Department of the California Bar Court for

1

the State Bar of California, of which Eastman is a member, entered an order recommending disbarment. Although the Bar Court does not have authority to disbar or suspend an attorney's license—only the California Supreme Court has such authority, *see* Cal. Bus. & Prof. Code § 6100; *In re Rose*, 22 Cal. 4th 430, 436 (2000) —the recommendation nevertheless triggered an automatic transfer of Dr. Eastman to "involuntary inactive enrollment" status pursuant to Cal. Bus. & Prof. Code § 6007(c)(4). Dr. Eastman filed a motion for stay of the transfer to involuntary inactive enrollment on April 3, 2024, which was denied on May 1, 2024.

2. Dr. Eastman intends to file a notice of appeal to the Review Department of the California Bar on or before May 30, 2024.

3. On April 9, 2024, the clerk of this court issued a notice to Dr. Eastman and this Court that, pursuant to D.C.COLO.LAttyR 3(c) ("Rule 3(c)), Dr. Eastman "is no longer considered in good standing in the bar of this Court" because of Dr. Eastman's transfer to involuntary inactive enrollment by the California Bar Court.

4. On April 15, 2024, this Court entered an Order to Show Cause why that Rule 3(c) determination by the Clerk should result in Dr. Eastman being terminated from representation of Plaintiff in this case. After an extension, the return date for response to the Order to Show Cause is May 10, 2024.

5. On May 9, 2024, Dr. Eastman filed with the Clerk of Court a request that the withdrawal of his "good standing" be withdrawn as premature, since the

recommendation of the California Bar Court was, under California law, neither a disbarment nor a suspension that would trigger the application of Rule 3(c).  Alternatively, Dr. Eastman requested review of the determination pursuant to D.C.COLO.LAttyR 3(d)

6. Nevertheless, pending resolution of those requests, Dr. Eastman has, after consultation with his client and co-counsel, determined to withdraw as attorney of record in this matter.  He will file a renewed notice of appearance should the Clerk's withdrawal of good standing be reversed.

7. Plaintiff's interests will continue to be fully and adequately represented by other counsel of record in this case.

DATED this 10th day of May 2024.

Respectfully submitted,

*/s/ James Kerwin*
James Kerwin, CO Bar #57545
William E. Trachman, CO Bar #45684
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, Colorado 80227
Tele: (303) 292-2021
Fax: (877) 349-7074
jkerwin@mslegal.org
wtrachman@mslegal.org

John C. Eastman*
Anthony T. Caso
CONSTITUTIONAL COUNSEL GROUP
1628 N Main St #289
Salinas, CA 93906
Tele: (909) 257-3869

3

Fax: (714) 844-4817
jeastman@ccg1776.com

*Attorneys for Plaintiff*

* Currently on "involuntary inactive enrollment" with the California Bar